IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WILLIAM ELWOOD                                          PLAINTIFF

VERSUS                          CIVIL ACTION NO. 2:06cv91-KS-JMR

COBRA COLLECTION AGENCY                                 DEFENDANT

### MEMORANDUM OPINION & ORDER

This matter comes before the Court on the defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Dismiss for Improper Venue [**docket entry no. 5**] and the defendant's Motion to Strike Plaintiff's Response to Defendant's Rebuttal [**docket entry no. 17**].  Having reviewed the Motions, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds and orders as follows:

### FACTS

On April 7, 2006, William Elwood filed this action against Cobra Collection Agency[1] in the United States District Court for the Southern District of Mississippi, Hattiesburg Division.  The plaintiff alleges that Cobra violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, when Cobra attempted to

_____

[1]Cobra was improperly named in the complaint.  Cobra is a corporation registered as Cobra Collections, Inc.

-1-

collect a debt owed by the plaintiff's business, White Spot Supermarket, to Whatley Oil.[2] Elwood avers that Cobra deliberately misled the plaintiff as to the amount due and owing on his Whatley Oil account. The plaintiff also claims that Cobra threatened to have White Spot Supermarket's manager arrested unless the plaintiff paid the owed amounts. In light of these alleged threats, Elwood succumbed to Cobra's demands and allowed Cobra to draft funds from his Trustmark bank account.[3] The plaintiff further alleges that these misrepresentations and threats were made over the telephone while the plaintiff was physically located in Mississippi. Indeed, the telephone number allegedly called by Cobra is a Mississippi number with a 601 area code.

Although the plaintiff is a resident of Hattiesburg, Mississippi, White Spot Supermarket is located in Seale, Alabama. Cobra is incorporated in Georgia, and its principal place of business is located in Georgia. Cobra claims that it has never conducted any business in Mississippi. Accordingly, Cobra has filed a Motion to Dismiss [docket entry no. 5] claiming that the Court lacks personal jurisdiction over it. In the alternative, Cobra argues that venue is improper and seeks dismissal, or again,

---

[2]Whatley Oil is a wholesaler of gasoline, and it has two commercial accounts whereby it supplies fuel to White Spot Supermarket. Whatley Oil is not a party to this action.

[3]Trustmark National Bank is a Mississippi corporation with branches in Mississippi, Florida, Tennessee, and Texas.

in the alternative, transfer of venue to Georgia.

**DISCUSSION**

**I.    PERSONAL JURISDICTION**

The Court must engage in a two-step inquiry to determine whether the defendant is properly subject to personal jurisdiction in Mississippi. Jobe v. ATR Marketing, Inc., 87 F.3d 751, 753 (5th Cir. 1996). First, the Court considers whether "the nonresident defendant is amenable to service of process under the law of the forum state." Stuart v. Spademan, 772 F.2d 1185, 1189 (5th Cir. 1985). Thus, Mississippi's long arm statute, Mississippi Code Section 13-3-57, applies to this case. See Edwards v. Associated Press, 512 F.2d 258, 261 (5th Cir. 1975). Second, if Mississippi's long arm statute confers jurisdiction over the defendant, the Court must decide whether that exercise of jurisdiction "comports with the Due Process Clause of the Fourteenth Amendment." Stuart, 772 F.2d at 1189. Because Mississippi's long arm statute is more limited in some respects than the Fourteenth Amendment's due process requirement and broader in others, these two inquiries must be considered independently.

The party seeking to invoke the Court's jurisdiction has the burden of proving that personal jurisdiction exists over the nonresident defendant. Brown v. Flowers Indus., Inc., 688 F.2d 328, 331-33 (5th Cir. 1982). On a motion to dismiss, the plaintiff need not establish personal jurisdiction by a preponderance of the

evidence; rather, to carry its burden, the plaintiff must only make a *prima facie* case of jurisdiction. <u>Bullion v. Gillespie</u>, 895 F.2d 213, 217 (5th Cir. 1990). Moreover, on a Rule 12(b)(2) motion, the Court must accept as true all of the allegations contained in the complaint, and the Court must resolve "all conflicts between the facts contained in the parties' affidavits and other documentation" in favor of the plaintiff. <u>Alpine View Co. v. Atlas Copco A.B.</u>, 205 F.3d 208, 215 (5th Cir. 2000); <u>Brown</u>, 688 F.2d at 332.

A.   <u>Mississippi's Long Arm Statute</u>

In pertinent part, Mississippi Code Section 13-3-57 states, "Any nonresident . . . who shall commit a tort in whole or in part in this state against a resident or nonresident of this state . . . . shall thereby be subjected to the jurisdiction of the courts of this state." The tort prong of Mississippi's long arm statute is satisfied so long as any element of a tort takes place in Mississippi. <u>Allred v. Moore & Peterson, P.C.</u>, 117 F.3d 278, 282 (5th Cir. 1997). Since injury is a *sine qua non* of a tort action's *prima facie* case, an injury alone occurring in Mississippi confers jurisdiction over a nonresident defendant under Section 13-3-57. The Court must be mindful, however, of the difference between an "injury," which is a tort element, and the resultant consequences of an injury, which are not necessary elements of a tort. <u>Id.</u>; <u>Jobe v. ATR Mktg., Inc.</u>, 87 F.3d 751, 753 (5th Cir. 1996).

The defendant argues that it did not commit a tort, in whole

-4-

or in part, in Mississippi.  Cobra asserts that, at most, the plaintiff could only have suffered "the alleged consequences of an injury" in Mississippi. (Mem. Auth. M. Dismiss, 3.)  The defendant correctly points out that the term "injury" connotes the invasion of an interest protected by law, whereas "damages" is used to describe the harm, detriment, or actual loss caused by an injury. Jobe, 87 F.3d at 753; Roxco, Ltd. v. Harris Specialty Chem., Inc., 133 F. Supp. 2d 911, 915–16 (S.D. Miss. 2000).  The principle is well established in this Circuit that "with respect to Mississippi's long arm statute, a tort occurs where and when the actual injury takes place, not at the place of the economic consequences of that injury." Cycles, Ltd. v. W.J. Digby, Inc., 889 F.2d 612, 619 (5th Cir. 1989).

The plaintiff argues that the situs of his injury was Mississippi.  The alleged Fair Debt Collection Practices Act ("FDCPA") violation could not have occurred but for the unfair collection attempts by Cobra.  According to the plaintiff, these unfair practices were several threatening telephone calls made by Cobra to the plaintiff on the plaintiff's Mississippi telephone number.[4]  (Aff. William Elwood, 1.)  Since the alleged threatening

---

[4]Although Cobra proffered the affidavit of its Chief Executive Officer wherein Cobra disputes that it ever called the plaintiff in Mississippi, at this Rule 12(b)(2) juncture, the Court must resolve all disputed questions of fact in favor of the plaintiff.  See FCA Inv., Co. v. Baycorp Holdings, Ltd., 48 Fed. Appx. 480, *2 (5th Cir. 2002).

calls resulted in the invasion of a legally protected interest of the plaintiff, the plaintiff's alleged injury is within the meaning of <u>Jobe v. ATR Mktg</u>.  These alleged telephone conversations transpired while the plaintiff was physically located within Mississippi; accordingly, the FDCPA violation was committed in part in Mississippi and the tort prong of Mississippi's long arm statute is satisfied.

    B.   <u>The Due Process Clause of the Fourteenth Amendment</u>

It is well settled that a plaintiff seeking to assert personal jurisdiction over a defendant may satisfy the Due Process Clause in two ways.  "General jurisdiction" may be invoked where the defendant's contacts with the forum state are "sufficiently systematic and continuous as to support a reasonable exercise of jurisdiction."  <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770 (1984).  If sufficiently systematic and continuous, such contacts may be wholly unrelated to the controversy at issue in the suit. <u>See</u> <u>Helicopteros Nacionales de Columbia v. Hall</u>, 466 U.S. 408 (1984). "Specific jurisdiction," which is the type invoked in this action, may be satisfied by a single purposeful act by the defendant so long as that one act gives rise to the cause of action. <u>Id.</u> at 414.

"[T]he due process inquiry is governed by federal law and requires the satisfaction of two elements:  [1] the nonresident must have some minimum contact with the forum which results from an

affirmative act on his part; [and] [2] it must be fair and
reasonable to require the nonresident to defend the suit in the
forum state." <u>Stuart v. Spademan</u>, 772 F.2d 1185, 1189 (5th Cir.
1985). <u>International Shoe</u> instructs that the defendant's contacts
with the forum state must be such that maintenance of the suit
"does not offend traditional notions of fair play and substantial
justice." <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945).
Personal jurisdiction may also be established by the defendant's
conduct in the forum state where the defendant "purposefully avails
itself of the privilege of conducting activities within the forum
State, thus invoking the benefits and protections of its laws."
<u>Hanson v. Denckla</u>, 357 U.S. 235 (1958), <u>quoted</u> <u>in</u> <u>Brown v. Flowers</u>
<u>Indus., Inc.</u>, 688 F.2d 328, 331 (5th Cir. 1982).

The defendant argues that "imposing jurisdiction over Cobra
would offend traditional notions of fair play and substantial
justice under the three-step analyses." (Mem. Auth. M. Dismiss,
5.)   The Fifth Circuit has adopted a three-step inquiry to
determine whether the <u>International Shoe</u> test has been met: "(1)
whether the defendant . . . purposely directed its activities
toward the forum state or purposefully availed itself of the
privileges of conducting activities there; (2) whether the
plaintiff's cause of action arises out of or results from the
defendant's forum-related contacts; and (3) whether the exercise of
personal jurisdiction is fair and reasonable." <u>Luv n' Care, Ltd.</u>

v. Inst-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Nuovo

Pignone v. Storman Asia M/V, 310 F.3d 374 (5th Cir. 2002)).

 This case's particular facts make it clear that the Fourteenth

Amendment's requirements are satisfied.[5]  Cobra's alleged action of

calling Elwood in Mississippi is a contact with Mississippi;

moreover, the calls it made were purposefully directed to the

plaintiff in Mississippi.  To argue otherwise would be tantamount

to suggesting that the defendant "accidentally" dialed a ten-digit

telephone number.  Since the threatening calls may violate the

FDCPA, it is clear that the plaintiff's stated cause of action

arose directly out of the defendant's calls.[6]  Finally, traditional

notions of fair play and substantial justice will not suffer an

affront by the Court exercising personal jurisdiction over Cobra.

See infra.

 Where, as here, the defendant's contacts with the forum give

rise to the cause of action, the requirements of due process are

---

 [5]Again, the Court notes that it is confronted with contradictory affidavits from the parties in this case.  On the one hand, the plaintiff alleges that the defendant called him countless times at his Mississippi telephone number while the plaintiff was physically in Mississippi.  On the other hand, the defendant argues that it only contacted the plaintiff at the White Spot Supermarket which is in Seale, Alabama.  At this juncture, the Court must accept all well-pled allegations by the plaintiff as true, and the Court must resolve all disputed questions of fact in favor of the plaintiff.  See FCA Inv. Co., 48 Fed. Appx. at *2.

 [6]In addition, the defendant's action of drafting funds directly from the plaintiff's Mississippi bank account is a contact with the forum.

met.  Wien Air Alaska, Inc. v. Brandt, 195 F.3d 208, 213 (5th Cir. 1999) ("When the actual content of communications with a forum gives rise to intentional tort causes of action, this alone constitutes purposeful availment.").  Several cases have held that a single telephone call or letter from the defendant to the plaintiff in the forum is sufficient to satisfy International Shoe and progeny.  See Lewis v. Fresne, 252 F.3d 352, 358-59 (5th Cir. 2001) (holding that misrepresentations made in telephone call to forum were sufficient to establish personal jurisdiction over the defendant in fraud suit); Brown v. Flowers Indus., 688 F.2d 328, 332-33 (5th Cir. 1982) (holding that single call initiated by defendant was enough to confer personal jurisdiction); cf. Autoscribe Corp. v. Goldman, 47 F.3d 1164 (4th Cir. 1995) (holding that where communications with forum do not give rise to cause of action, there is no personal jurisdiction).  Indeed, several such cases involve the collection of debts.  See Maloon v. Schwartz, Zweban, & Slingbaum, L.L.P., 399 F. Supp. 2d 1108, 1113 (D. Hawaii 2005) (finding that single letter from defendant to forum that violated FDCPA was sufficient to confer personal jurisdiction); Wichita Falls Builders Wholesale, Inc. v. Jancor Co., 2003 WL 292141 (N.D. Tex. 2003) (finding that three letters sent by defendant's attorney to forum seeking repayment of debt established personal jurisdiction over the defendant); Brink v. First Credit Res., 57 F. Supp. 2d 848, 860-61 (D. Ariz. 1999) (holding that

alleged FDCPA violations contained in letters were tantamount to purposeful availment); <u>Paradise v. Robinson & Hoover</u>, 883 F. Supp. 521 (D. Nev. 1995) (single letter that violated FDCPA was sufficient to establish personal jurisdiction); <u>Russey v. Rankiq</u>, 837 F. Supp. 1103, 1105 (D.N.M. 1993) (same).

## II.   VENUE

### A.   <u>Motion to Dismiss for Improper Venue</u>

Cobra argues that this action should be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3).   In a civil suit premised on federal question jurisdiction, Section 1391 of Title 28 states that venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."   Cobra claims that this action should be dismissed because "no substantial part of the events or omissions occurred in Mississippi."   (Mem. Auth. M. Dismiss, 5.)   This argument is without merit.   Inasmuch as an essential element of the plaintiff's claims occurred in Mississippi, clearly a substantial part of the events giving rise to the claim occurred in Mississippi as well.

### B.   <u>Transfer of Venue to Georgia</u>

"For the convenience of the parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  29 U.S.C. § 1404(a).  When deciding a § 1404 motion to transfer, the Court should first determine whether the requested transfer would place the action in a judicial district in which the claim could have been originally filed.  <u>Dale v. First Am. Nat'l Bank</u>, 395 F. Supp. 2d 451, 453-54 (S.D. Miss. 2005) (Lee, J.).  If the first inquiry is satisfied, the Court must then consider several factors to help resolve whether "the convenience of the parties and witnesses" and "the interest of justice" dictate transfer.  <u>Id.</u>; <u>In re Volkswagen AG</u>, 371 F.3d 201, 203 (5th Cir. 2004).

> The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.  The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws of the application of foreign law.

<u>Volkswagen</u>, 371 F.3d at 203 (internal citations omitted), <u>quoted</u> <u>in</u> <u>Dale</u>, 395 F. Supp. 2d at 454.

The Court may not treat any single factor as dispositive.  <u>Volkswagen</u>, 371 F.3d at 203; <u>Dale</u>, 395 F.3d at 455.  Moreover, the plaintiff is entitled to a strong presumption favoring his choice of forum.  <u>Dale</u>, 395 F. Supp. 2d at 454.  This presumption may only

be overcome when the private or public interests clearly weigh in favor of trial in the defendant's choice of forum.  Piper Aircraft Co. v. Revno, 454 U.S. 235, 255 (1981).

Since the defendant resides in Columbus, Georgia, and this action could have originally been filed there, the Court turns to the eight factors discussed in Volkswagen and Dale.

  1. Private Interest Concerns

"The relative ease of access to sources of proof," especially the inconvenience placed upon nonparty witnesses, is often considered the most important factor in the transfer calculus. Dale, 395 F. Supp. 2d at 395.  To date, the only thing agreed on by the parties is that the trial of this case requires the production of documents and the testimony of witnesses.[7]  Cobra argues that the "access to proof" factor weighs in its favor.  The defendant claims that if the trial is held in Mississippi, a "busload" of witnesses will have to travel to Mississippi.  As part of this busload, Cobra anticipates calling representatives of Whatley Oil, which is located in Columbus, Georgia, and employees of the White Spot Supermarket, which is located sixteen miles from Columbus, Georgia.  The plaintiff, however, claims that he intends to call employees of his local bank, which is located in Hattiesburg, Mississippi.  Since the defendant intends on calling two nonparty witnesses located either in or near the Middle District of Georgia

---

[7]Such agreement is hardly a stunning revelation.

while the plaintiff intends on calling only one nonparty witness within the Southern District of Mississippi, this factor weighs slightly in favor of the defendant's requested transfer.[8]

The "availability of compulsory service of process" factor narrowly weighs in favor of transfer.  The plaintiff intends to call one nonparty witness that is outside the reach of the Middle District of Georgia.  The defendant plans on calling two witnesses which are beyond the subpoena power of the Southern District of Mississippi.  One witness that the defendant plans to call works at the White Spot Supermarket.  Since this potential witness is employed by the plaintiff, the plaintiff states, without further elaboration, that the witness's attendance does not have to be compelled.[9]  (Mem. Br. Reply M. Dismiss, 4.)  Nevertheless, this factor only speaks to the availability of compulsory process to secure attendance; it does not instruct district courts to take into account other means of ensuring a witness's attendance. Whether the Court transfers this case or keeps it, one party will be burdened; however, as the defendant plans to call two witnesses instead of one, its burden outweighs that of the plaintiff.  As

---

[8]The Court also finds that the location of documents appears to be a neutral factor.  Both sides plan on offering documentary evidence, but neither party has offered proof to show that it has a heavier burden of production than the opposing party.

[9]Presumably, the plaintiff contends that compulsory process over his employees is unnecessary because he, as their employer, will compel their attendance.

such, this factor favors transfer by the slenderest of margins.

The "cost of attendance for willing witnesses" factor is again a close question.  This factor weighs very slightly in favor of transfer due to the defendant's intention of calling two witnesses near Columbus, Georgia, while the plaintiff intends on calling only one nonparty witness located in Hattiesburg, Mississippi.  Neither party raised a new argument under the fourth factor.

As described above, the Court has weighed the private interest concerns in favor of the defendant, albeit by only a narrow margin.  Although the plaintiff's choice of forum is not conclusive, it is a factor to be considered by the Court.  See In re Horseshow Enter., 337 F.3d 429, 434 (5th Cir. 2003).  Unless the public or private concerns clearly show that the case should be transferred to the defendant's choice of forum, the plaintiff should be afforded his chosen forum.  See Dale, 395 F. Supp. 2d at 454, quoting In re McDonnell-Douglas Corp., 647 F.2d 515, 517 (5th Cir. 1981) ("[U]nless the balance is strongly in favor of the defendant, . . . the plaintiff's choice of forum is not to be disturbed.").  This case is not one where the Court can say that the balance of conveniences clearly dictates transfer.  Whether transfer is granted or not, one side (and that party's witnesses) will be burdened to some extent.  Accordingly, the private interest concerns do not call for this action's transfer to the Middle District of Georgia.

2.   <u>Public Interest Concerns</u>

The defendant argues, "This Mississippi court has been one of the most congested courts in the nation and there is no reason why this case should not be heard in Columbus, Georgia." (Def. Rebuttal Br., 8.)  While the Southern District of Mississippi may have a high number of case filings compared to other districts, the ultimate disposition of this case will not be delayed by congestion.

The defendant argues that the "local interests" factor supports transfer of this action to Georgia.  Such an unsupported statement is insufficient to carry the day.  As previously mentioned, the plaintiff's injury occurred in Mississippi. "Ordinarily, there is a preference to try an action where the alleged wrong or injury occurred." <u>Busch v. Robertson</u>, 2006 WL 1222031, *6 (N.D. Tex. June 5, 2006).  Since the alleged threatening calls were initiated in Georgia and answered in Mississippi, this factor is neutral and does not support transfer.

The "familiarity with governing law" and "avoidance of unnecessary conflict of laws problems" factors do not support transfer.  Contrary to the defendant's contention, this suit does not involve any state law claims.  (<u>See</u> Pl. Mem. Br. Reply M. Dismiss, 4.)  The FDCPA and Fair Credit Reporting Act claims are matters of federal law; therefore, this Court and the Middle District of Georgia will be on equal footing in regard to the

"familiarity with governing law" factor.   Moreover, since this action is governed by federal law, there will be no conflict of laws problems.

Since neither the public interest concerns nor the private interest concerns support transfer of this case to the Middle District of Georgia, the defendant's Motion to Transfer must be denied.

**III. DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RESPONSE TO DEFENDANT'S REBUTTAL**

During the course of the parties' briefing of this Motion to Dismiss, the defendant first filed his motion and memorandum, which was followed by the plaintiff's reply.  The defendant next filed a rebuttal, which was then responded to by the plaintiff.   The defendant now moves that the plaintiff's last response be striken [docket entry no. 17].  While it is true that the Federal Rules of Civil Procedure do not expressly allow for a sur-reply by a nonmovant to a movant's rebuttal brief, a sur-reply is appropriate when the movant's rebuttal raises new legal theories or attempts to present new evidence at the reply or rebuttal stage. <u>Murray v. TXU Corp.</u>, 2005 WL 1313412, *4 (N.D. Tex. May 27, 2005).   In the defendant's rebuttal brief, it raised several new arguments concerning transfer of venue for the first time.  As such, the plaintiff was entitled to respond to those new arguments. Although the plaintiff did reargue some points that he had made in his initial reply, his sur-reply contained only three pages of

-16-

argument, and the points reargued by the plaintiff added nothing new to his previous reply.  Therefore, any error on the part of the plaintiff by exceeding the scope of a proper sur-reply was harmless.  Accordingly, the defendant's Motion to Strike is not well taken.

### CONCLUSION

Since the plaintiff has made a *prima facie* case of personal jurisdiction, the defendant's Motion to Dismiss for lack of personal jurisdiction is without merit.  Inasmuch as the plaintiff's injury occurred in Mississippi, the defendant's Motion to Dismiss for improper venue must be denied.  Similarly, the defendant's Motion to Transfer is meritless.  Finally, since the plaintiff was entitled to file his sur-reply, the defendant's Motion to Strike must be denied.  Accordingly,

IT IS HEREBY ORDERED that the defendant's Motion to Dismiss for Lack of Personal Jurisdiction, or in the Alternative, to Dismiss for Improper Venue [**docket entry no. 5**] is **DENIED**.

IT IS FURTHER ORDERED that the defendant's Motion to Strike Plaintiff's Response to Defendant's Rebuttal [**docket entry no. 17**] is **DENIED**.

SO ORDERED, this the   14th   day of December, 2006.

                                    s/ David Bramlette
                              UNITED STATES DISTRICT JUDGE

-17-