## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
## HATTIESBURG DIVISION

WILLIAM ELWOOD                                          PLAINTIFF


VERSUS                          CIVIL ACTION NO. 2:06cv91-DCB-RHW


COBRA COLLECTION AGENCY                                 DEFENDANT


### ORDER

 This matter comes before the Court on the defendant's Motion to Strike Amended Complaint [**docket entry no. 49**].  Having carefully considered the Motion, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. BACKGROUND AND PROCEDURAL HISTORY

 On April 7, 2006, plaintiff William Elwood ("Elwood"), a Mississippi domiciliary, filed a complaint with this Court against defendant Cobra Collection Agency ("Cobra"), a Georgia corporation with its principal place of business in Columbus, Georgia.  (Compl. 1.)  In his complaint, Elwood asserts claims arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681u (2006), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692o (2006), based upon Cobra's alleged violations of those Acts.[1]  For relief, Elwood seeks a judgment against the defendant

_____

[1] On July 3, 2007, the defendant filed a Motion for Summary Judgment [docket entry no. 37] on the plaintiff's two federal claims.  By Order [docket entry no. 47] dated December 3, 2007, this Court found the defendant was entitled to judgment as a matter

for $100,000.00 plus interest in actual and compensatory damages, an indeterminate amount of punitive damages, costs, and attorney fees.  (Compl. 3.)

In its October 26, 2006 Scheduling Order [docket entry no. 20], this Court ordered that motions for amendments to the pleadings must be made on or before December 15, 2006.  On December 15, 2006, the plaintiff timely filed his first Motion for Leave to File Amended Complaint [docket entry no. 23], wherein he sought to add a claim for fraudulent inducement.   The Court gave the plaintiff leave to add this claim by its written Order [docket entry no. 26] dated January 5, 2007.

On February 22, 2007, the Court issued an Amended Scheduling Order [docket entry no. 31] whereby it established April 20, 2007, as the date for the parties to move to amend their pleadings.  In the same Order, the Court also established August 1, 2007, as the deadline for discovery, ordered that the Pretrial Conference be set for December 7, 2007, and that the case be set for Trial during the three-week trial period beginning on January 7, 2008.

On April 20, 2007, Elwood timely filed his second Motion for Leave to File Amended Complaint [docket entry no. 34], wherein he sought to add a claim for infliction of emotional distress.  The Court granted this motion by text order on May 9, 2007.

Not until November 29, 2007, did the plaintiff actually file

_____

of law on both claims.

2

an Amended Complaint [docket entry no. 46].  In his revised complaint, Elwood adds claims of fraudulent inducement and infliction of emotional distress, as the Court gave him leave to do by its Orders of January 5 and May 9, 2007.[2]  (Am. Compl. ¶¶ 8, 10.)  The plaintiff also adds a claim that the defendant violated an unspecified provision of the Uniform Commercial Code.  (Am. Compl. ¶ 11.)

On December 6, 2007, Cobra filed its Motion to Strike Amended Complaint [docket entry no. 49], which is now before the Court.  In its Motion, the defendant argues that the plaintiff has without good cause delayed filing his amended complaint and requests the Court to strike the same.  In his Response to Cobra's Motion to Strike Amended Complaint, the plaintiff states that the reason for his delay in filing the amended complaint is attributable to the sparse amount of valuable discovery he received from the defendant.

## II. ANALYSIS

As an initial matter, the Court finds that the plaintiff has attempted to amend his complaint to include an additional UCC claim, (Am. Compl. ¶ 11.), without leave of the Court; therefore, the Court concludes that this portion of the amended complaint clearly should be stricken.

The issue remaining before the Court is whether the

---

[2] In these two Orders, the Court did not set a deadline by which the plaintiff had to file an amended complaint reflecting the claims he was given leave to add.

3

plaintiff's claims for fraudulent inducement and emotional distress should be stricken as well, even though leave to amend the complaint to include these claims was previously given by separate Orders of the Court on January 5 and May 9, 2007.

The Supreme Court delineates five factors for a court to consider when deciding whether <u>leave</u> to amend a complaint should be granted:  1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment. <u>Rosenzweig v. Azurix Corp.</u>, 332 F.3d 854, 864 (5th Cir. 2003)(citing <u>Foman v. Davis</u>, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).  The same factors are analogously useful for determining whether the Court should accept the <u>filing</u> of an amended complaint after leave has already been given.

The Court is of the opinion that the plaintiff committed undue delay by waiting until November 29, 2007, to file his amended complaint — — — a date which is over ten months after leave was given to add the fraudulent inducement claim and over six months after leave was given to add the infliction of emotional distress claim.  Even though the Court did not specify a deadline for the plaintiff to file his amended complaint, "[p]ermission to file an amended complaint does not run <u>ad infinitum</u>." <u>Palmer v. Monroe County Deputy Sheriff</u>, 2004 WL 941784, at *8 (W.D.N.Y. Apr. 19, 2004)(unpublished opinion).

4

In <u>Daigle v. Michna</u>, 202 F. 3d 266, 1999 WL 1131982, at *3 (5th Cir. Nov. 18, 1999)(per curiam)(unpublished opinion), the United States Court of Appeals for the Fifth Circuit noted that a plaintiff's <u>month-long</u> delay in filing an amended complaint after having been given leave to amend was an unreasonable delay absent a compelling reason.  The Court does not find that the plaintiff has shown sufficient justification for his delay in this case. Merely because discovery did not yield valuable information for the plaintiff does not evidence good cause for his dilatoriness. Discovery ended on August 1, 2007; certainly by that date or shortly thereafter the plaintiff should have recognized that he had unearthed all of the information he was going to find and filed his amended complaint at that time.  Instead, the plaintiff waited nearly three months after the close of discovery to file the amended complaint. Moreover, the plaintiff obviously had <u>some idea</u> that sufficient facts existed to support his claims for fraudulent inducement and infliction of emotional distress; otherwise, the plaintiff would not have known which claims to move the Court for leave to amend.  In addition, the plaintiff was not required to have every single fact supporting such claims in his complaint; to the contrary, the liberal notice pleading standard of Federal Rule of Civil Procedure 8(a) requires significantly less.  For these reasons, the Court does not find that the plaintiff has shown good cause for why he waited until November 29, 2007, to file his

amended complaint.

This Court is therefore of the opinion that the failure of Elwood to file his amended complaint within a reasonable time following the Court's Orders of January 5 and May 9, 2007, giving him leave to amend was an undue delay and forfeits the plaintiff's ability to file an amended complaint now.

The Court also believes that the defendant would be unduly prejudiced if the Court were to permit the plaintiff to file his amended complaint barely a week before the scheduled pretrial conference on December 7, 2007, and less than six weeks before the start of the reserved trial period on January 7, 2007. (Am. Sched. Ord. 1.)  The defendant might have to conduct discovery in this cramped time period.  Moreover, the defendant would be precluded from filing any motions, including motions in limine, because the Amended Scheduling Order instructs that all motions other than motions in limine be filed by August 15, 2007, and that motions in limine be filed ten days before the December 7, 2007 pretrial conference.  (Am. Sched. Ord. 1.)  Both of these dates had passed by the time the plaintiff filed his amended complaint on November 29, 2007.  To require Cobra to defend against the claims raised in the amended complaint on the eve of trial would be unduly prejudicial to the defendant, especially absent a persuasive reason for the plaintiff's tardiness in filing his amended complaint.

### III. CONCLUSION AND ORDER

6

Based upon the foregoing,

**IT IS HEREBY ORDERED** that the defendant's Motion to Strike Amended

Complaint [**docket entry no. 49**] is **GRANTED.**

  **SO ORDERED,** this the  <u>26th</u>  day of December 2007.


                    <u>  s/ David Bramlette            </u>
                    **UNITED STATES DISTRICT JUDGE**